**E-Filed 1/3/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HAIR CLUB FOR MEN, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>RCDC CORPORATION, et al.,<br><br>                Defendants. | Case Number C 06-7842 JF (PVT)<br><br>ORDER DENYING APPLICATION FOR TRO AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: doc. no. 2] |

On December 22, 2006, Plaintiff Hair Club For Men, LLC ("Hair Club") filed the instant action against Defendants RCDC Corporation ("RCDC"), its principal Robert Clark ("Clark"), and its former employee Silvia Herrera ("Herrera"), alleging claims for breach of contract, misappropriation of trade secrets and unfair competition. On June 27, 2005, Hair Club, RCDC and Clark entered into an Asset Purchase Agreement under which Hair Club purchased certain assets from RCDC in connection with retail non-surgical hair restoration and replacement. Among the purchased assets were certain client contracts and client lists. The purchase price depended in part upon how many of RCDC's clients transferred their business to Hair Club in the year following the inception of the agreement. Among other things, RCDC and Clark agreed not

Case No. C 06-7842 JF (PVT)
ORDER DENYING APPLICATION FOR TRO AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC2)

Dockets.Justia.com

to engage in the "Purchased Business" – i.e., the business of non-surgical hair restoration – within twenty miles of any Hair Club establishment for a period of two years. The agreement also was contingent upon two "key employees" of RCDC going to work for Hair Club. One of these employees, Herrera, began working for Hair Club in June 2005. Herrera executed a non-disclosure, non-competition and non-solicitation agreement with Hair Club which provided that in the event she left Hair Club she would not engage in the business of hair replacement within ten miles of a Hair Club facility for a period of two years.

In November 2006, Herrera resigned from her position at Hair Club. A number of Hair Club customers who had made appointments with Herrera subsequently cancelled their appointments and stated that they would not be returning to Hair Club for services. Hair Club asserts that Herrera's car has been seen outside RCDC's place of business on several occasions, and that three of Hair Club's former clients that had been serviced by Herrera have been seen at RCDC's business premises. Hair Club asserts that Herrera and RCDC are violating their non-compete agreements and using Hair Club's proprietary information to service clients at the RCDC facility.

Along with its complaint, Hair Club filed an application for a temporary restraining order and a motion for preliminary injunction, seeking *inter alia* to enjoin RCDC from employing Herrera; to enjoin RCDC, Clark and Herrera from servicing any of Hair Club's non-surgical hair restoration clients; and to enjoin Herrera from engaging in the business of hair replacement or hair restoration.

Defendants filed opposition on December 28, 2006, asserting that RCDC, Clark and Herrera are entitled to provide services *other* than the non-surgical hair replacement services covered by the agreements at issue, that such services include skincare and related services, and that there is no evidence that the clients who were seen at RCDC's premises were there for prohibited services rather than skincare or other services not prohibited by the parties' agreements. Defendants also argue that the non-competition agreement entered into by Herrera is unenforceable and that in any event she has not violated that agreement. Finally, Defendants

2

assert that it is Hair Club that has breached the parties' agreements by failing to solicit business from the client list purchased from RCDC until eight months after transfer of the list, thus depressing the purchase price of the RCDC assets.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

Based upon the record currently before it, the Court concludes that Hair Club has not demonstrated a likelihood of success on the merits. While Defendants did enter into various non-compete agreements, it is not clear from the evidence presently in the record that Defendants are violating those agreements. Moreover, Hair Club has not demonstrated that it will be irreparably injured if Defendants are permitted to continue operations pending a hearing on Hair Club's motion for preliminary injunction. Given that Hair Club is a much larger business than RCDC, the Court is not persuaded that the equities favor granting injunctive relief at this time. Because of the serious nature of Hair Club's allegations, however, the Court will set a hearing on Hair Club's motion for preliminary injunction so that it may hear argument for both sides before issuing a ruling based upon a more complete record.

3

Case No. C 06-7842 JF (PVT)
ORDER DENYING APPLICATION FOR TRO AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC2)

**ORDER**

(1) Plaintiff's application for TRO is DENIED;

(2) Plaintiff's motion for preliminary injunction is set for hearing on January 26, 2007;

(3) Each side may file a supplemental brief on or before January 17, 2007 and a supplemental reply brief on or before January 23, 2007.

DATED: January 3, 2007

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 06-7842 JF (PVT)
ORDER DENYING APPLICATION FOR TRO AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC2)

1  This Order was served on the following persons:

2

3  Steven G. Cohen    steven.cohen@dlapiper.com, donna.penning@dlapiper.com

4  Margaret Anne Crawford    maggie.crawford@dlapiper.com, larry.landry@dlapiper.com

5  Martin Daniel Dermer
   Joseph David Dermer
6  Dermer Law Firm
   15720 Winchester Blvd., Suite 1
7  Los Gatos, CA 95030

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-7842 JF (PVT)
ORDER DENYING APPLICATION FOR TRO AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC2)